STATE of Louisiana ex rel.
George JACQUILLON

v.

J. Wayne ALLGOOD, Warden, Louisiana State Penitentiary, et al.

Misc. No. 822.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

July 27, 1965.

George Jacquillon, in pro. per.

Teddy W. Airhart, Jr., Asst. Atty. Gen., State of Louisiana, Baton Rouge, La., for respondents.

WEST, District Judge:

Petitioner, George C. Jacquillon, files this application for a writ of habeas corpus, contending that he was convicted

of the crime of armed robbery and sentenced to serve twelve years at hard labor at Louisiana State Penitentiary, all without the benefit of counsel and contrary to law. An evidentiary hearing was held herein, at which hearing petitioner was present and testified. At this hearing respondents filed in the record all of the minutes of the State Trial Court pertaining to the petitioner's arraignment and sentencing. While petitioner alleges that he was not accorded his constitutional right to representation by counsel, the record of the State Court proceedings had against him simply refute this contention. The minutes of the Seventeenth Judicial District Court for the Parish of Terrebonne, Louisiana, wherein plaintiff, along with a co-defendant, was arraigned and sentenced, state as follows:

> "The accused were called and upon being interrogated by the Court as to whether or not they had obtained the services of an attorney in this matter, and, if they had not the funds so to do, whether it was their desire to have this Court appoint counsel in their behalf, replied that they were without counsel, but that they wished to decline the offer by the Court to appoint an attorney, without costs to the said accused, and were ready now to plead. Whereupon, upon being duly arraigned, the accused each pleaded guilty, and after having had their say, they were each sentenced to suffer imprisonment in the Louisiana State Penitentiary at hard labor for the term of twelve (12) years, subject to commutation and diminution of sentence for good behavior as provided by law."

When petitioner appeared before this Court, he was unable to swear that this minute entry did not correctly reflect the facts surrounding his arraignment and sentence. There is no evidence to refute this record, and consequently, this Court cannot give credence to petitioner's contention that he was not properly afforded the opportunity to be represented by counsel during the State Court proceedings had against him, and that he did not knowingly and intelligently waive his right to counsel.

 Since, after refusing the assistance of counsel, defendant voluntarily pleaded guilty to the offense charged, there is, of course, no merit to his complaint now that he was not given a trial by jury. Also, there is no evidence to support his claim that he was subjected to an illegal arrest without a warrant. Therefore, petitioner's application for a writ of habeas corpus must be denied. Judgment will be rendered accordingly.